# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 27, 2010

141355-59 & (125)

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway
Alton Thomas Davis,
Justices

RICHARD DUMAS, LYNN MCBRIDE,
EUGENE PASKO, HAROLD COUNTS, JOHN
MAUS, KENNETH KWASNIK, RICHARD
BENNETT, PATRICK CHAPMAN, CHARLES
DAPPRICH, JAMES DZIADZIOLA, Estate of
GERALD FITZGERALD, Estate of VERNON
MANUS, Estate of GEORGE MASSAB,
LAWRENCE MYLNAREK, Estate of
ROBERT SINCLAIR, CHARLES OSTERDALE,
ROBERT J. SONGER, ROBERT DECKERS,
ELIZABETH ZINNER, RICHARD STIMPSON,
DONALD DURECKI, and RONALD RIEUS,
               Plaintiffs,
and

WAYNE ALARIE and RICHARD MARTIN,
               Plaintiffs-Appellants/Cross-Appellees,
and

THEODORE S. ANDRIS,
               Appellant/Cross-Appellee,

v

SHELDON L. MILLER,
               Appellee/Cross-Appellant,
and

AUTO CLUB INSURANCE ASSOCIATION,
               Defendant.
_____/

SC: 141355
COA: 279149
Wayne CC: 83-316603-CK

GERALD NYLUND, ANITA NYLUND, JOHN
HOUSE, MARY ELLEN HOUSE, DAVID
REMER, DONNA MARGARET REMER,

LEONARD RAKOWICZ, RITA RAKOWICZ,
STANLEY ELZINGA, MARILYN ELZINGA,
JAMES HALLER, JOAN HALLER, JOHN
JACKSON, WILLIE JOHNSON, EDWARD
BARTZ, BETTY BARTZ, FRANK
DOLINSHEK, MARY DOLINSHEK, MICHAEL
DUNGEY, WINIFRED DUNGEY, FRANCES
STOCKER, ARTHUR SHEWCHUK, PATRICIA
SHEWCHUK, DAVID ALBRECHT, LINDA
ALBRECHT, WILLIAM T MEDLIN, and
SHIRLEY MEDLIN,

      Plaintiffs-Appellants/Cross-Appellees,

v

                  SC: 141356
                  COA: 286342
                  Wayne CC: 94-420311-CZ

LOPATIN, MILLER, FREEDMAN,
BLUESTONE, ERLICH, ROSEN & BARTNICK,
P.C., and SHELDON MILLER,

      Defendants-Appellees/Cross-Appellants.
_____/

WAYNE ALARIE and RICHARD MARTIN,

      Plaintiffs-Appellants/Cross-Appellees,

v

                  SC: 141357
                  COA: 286343
                  Wayne CC: 92-215259-CZ

LOPATIN, MILLER, FREEDMAN,
BLUESTONE, ERLICH, ROSEN & BARTNICK,
P.C., and SHELDON MILLER,

      Defendants-Appellees/Cross-Appellants.
_____/

ROBERT DECKERS, ELIZABETH ZINNER,
RICHARD STIMPSON, and DONALD DURECKI,

      Plaintiffs-Appellants/Cross-Appellees,
and
HAROLD COUNTS, ROBERT IVAN, and
RICHARD ZICKEL,

      Plaintiffs,

v

                  SC: 141358
                  COA: 286344
                  Wayne CC: 93-321648-NM

SHELDON L. MILLER and LOPATIN,
MILLER, FREEDMAN, BLUESTONE,
ERLICH, ROSEN & BARTNICK, P.C.,

        Defendants-Appellees/Cross-Appellants,

and

DAVID RAVID,

        Defendant.

_____/

JAMES K. DZIADZIOLA, MARGARET
DZIADZIOLA, LAWRENCE R. MLYNAREK,
JOSEPHINE MLYNAREK, MARTHA
CHAPMAN, Personal Representative of the
Estate of PATRICK CHAPMAN, LYNETTE
MASSAB, Personal Representative of the
Estate of GEORGE MASSAB,

        Plaintiffs-Appellants/Cross-Appellees,

v

SC: 141359
COA: 287143
Wayne CC: 04-418373-NM

SHELDON L. MILLER, LOPATIN, MILLER,
FREEDMAN, BLUESTONE, ERLICH, ROSEN
& BARTNICK, P.C., and SHELDON L. MILLER
& ASSOCIATES, P.C.,

        Defendants-Appellees/Cross-Appellants.

_____/

On order of the Court, the application for leave to appeal the March 30, 2010 judgment of the Court of Appeals and the application for leave to appeal as cross-appellant are considered, and they are DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*dissenting*).

I would grant leave to appeal, and therefore dissent. At issue is the point of accrual of the two-year statute of limitations for professional malpractice cases. The applicable statute, MCL 600.5838(1), provides:

> a claim based on the malpractice of a person who is, or holds himself or herself out to be, a member of a state licensed profession accrues at the time that person discontinues serving the plaintiff in a professional or

pseudoprofessional capacity *as to the matters out of which the claim for malpractice arose*, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim. [Emphasis added.]

Here, defendant attorney represented plaintiffs insurance sales representatives in "wrongful termination" employment litigation. Defendant continued working on appeals in this case, even after plaintiffs retained another attorney to pursue "age discrimination" claims that plaintiffs believe grew out of the same circumstances as the "wrongful termination" claims and that should have been joined with the latter claims. As a result of defendant's failure to join these claims, plaintiffs also filed a professional malpractice suit against him for the handling of their original lawsuit. The central question is whether defendant's representation of plaintiffs in their "wrongful termination" appeal can fairly be said to have occurred in the course of representing plaintiffs in "matters out of which the claim for malpractice arose," where such malpractice claim concerned defendant's failure to attach "age discrimination" claims to "wrongful termination" claims in the original lawsuit. Significantly, MCL 600.5838(1) does not refer to the singular "matter," but to the plural "matters," and does not refer to the "case," or the "claim," but to "the matters," as establishing the accrual point of its statute of limitations.

Accordingly, if under MCL 600.5838(1) the claim accrues from the time that plaintiffs hired a new attorney to replace defendant to represent them in the "age discrimination" claim, the two-year limitations period would have elapsed before the legal malpractice suit was filed against defendant. On the other hand, if under MCL 600.5838(1) the claim accrues from the time that defendant concluded his representation of plaintiffs in the "wrongful termination" claim—the limited scope of which eventually prompted plaintiffs' malpractice action—the two-year limitations period would *not* have elapsed before the legal malpractice suit was filed against defendant.

The reading of MCL 600.5838(1) sustained by the majority may conceivably be correct, but it is hardly clear. The majority's interpretation is predicated upon a highly limited reading of the statute that would essentially equate a "case" or "claim" with "matters." Each side in this case, in my judgment, has offered reasonable arguments in support of its position that the malpractice action here is, or is not, time-barred. Because this involves a significant issue of statutory interpretation, with important practical consequences for access to the legal system, I would grant leave to appeal.

CORRIGAN, J., joins the statement of MARKMAN, J.

YOUNG, J., not participating.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 27, 2010

*Corbin R. Davis*

Clerk

s1221